UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY MOBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   1:17-cv-485 |
| | ) |
| WICK-FAB, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Terry Mobley ("Mobley"), brings this action against Defendant, Wick-Fab, Inc. ("Defendant"), for employment discrimination and/or retaliation under the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and in contravention of Indiana Common Law under the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

## II. PARTIES

2. Mobley has resided and/or worked within the Northern District of Indiana, Fort Wayne Division, at all relevant times.

3. Defendant is a corporation which maintains offices and conducts business within the Northern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 626(c), and 42 U.S.C. § 12117.

5. Mobley was an "employee" within the meaning of the ADA and ADEA.

1

6. Mobley was a qualified individual with a disability, had a record of a disability, and/or was regarded as disabled by Defendant at the time of his termination. Mobley suffers from a crushing bone injury with tendon/ligament damage to his left hand, which substantially limits him in one or more major life activities, including, but not limited to, grasping, holding and manipulating objects. Mobley's disability substantially limit the use of major bodily functions, including the use of his left arm and hand.

7. Defendant is an "employer" within the meaning of the ADA and ADEA.

8. Mobley satisfied his obligations to exhaust his administrative remedies, having timely filed two Charges of Discrimination with the Equal Employment Opportunity Commission. Mobley received his right to sue and now timely files his lawsuit.

9. Venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Mobley was employed by Defendant since May, 2010.

11. At all times relevant, Mobley was employed by Defendant as a fabricator and welder.

12. At all times relevant, Mobley has met Defendant's legitimate employment expectations.

13. Mobley is 59 years old and was 58 years old at the time of his termination, placing him in a protected class under the ADEA.

14. At all times relevant, Mobley was an individual with a disability, had a record of a disability, and/or was perceived or regarded by Respondent as having a disability.

2

15. On or about February 23, 2017, Mobley suffered a crushing injury to his left hand and thumb. Mobley was at work and in performance of his job duties when he suffered the injury.

16. Mobley informed his plant manager, Matt Shipe ("Shipe") of the injury.

17. On or about February 24, 2017, Mobley visited his family doctor, who referred him to an orthopedic specialist.

18. On or about February 24, 2017, Defendant's owner, Joe Cochran ("Cochran") telephoned Mobley and said he had been told by Shipe that Mobley had not suffered the thumb injury while at work.

19. Mobley denied telling Shipe he had not suffered the injury at work and reaffirmed to Cochran that he had injured his thumb when he pinched it between two metal bars while at work and in the performance of his job duties.

20. Cochran informed Mobley he would need to use his own health insurance for treatment and discouraged him from filing a Worker's Compensation claim. Mobley indicated he did plan on filing a Worker's Compensation claim.

21. The orthopedic specialist examined Mobley on or about February 28, 2017 and returned him to work with restrictions.

22. Mobley presented Defendant with his restrictions upon his return to work on or about February 28, 2017. This constitutes a request for a reasonable accommodation.

23. Defendant did not notify Mobley of his rights to leave under the FMLA.

24. On or about March 13, 2017, Defendant told Mobley his position was being eliminated and he was being terminated. Upon information and belief, Mobley's health insurance was canceled the same day.

25. On or about April 4, 2017, Defendant posted a job opportunity for an "experienced fabricator." This was a position Mobley was qualified for.

26. Mobley filed a Worker's Compensation claim on or about April 13, 2017.

27. Defendant has treated similarly-situated employees who were not injured at work and/or did not have a disability and/or did not request a reasonable accommodation more favorably than Mobley.

28. By way of example, and not limitation, another similarly-situated employee of Defendant in the ADEA's protected class, Jack Kirkpatrick, was also terminated after being injured and/or disabled, while non-injured or non-disabled employees have not been terminated.

29. Defendant has treated similarly-situated employees who are substantially younger more favorably than Mobley. By way of example, and not limitation, Denver Mann, a substantially younger employee, has received more favorable treatment by Defendant.

30. Other workers in the ADEA's protected class have been terminated/discharged by Defendant, while substantially younger workers have not been terminated.

31. Upon information and belief, Mobley's job duties were assumed by a substantially younger employee, Earl DePew.

32. Defendant's adverse actions toward Mobley constitute discrimination and/or retaliation on the basis of his disability, his record of disability or perceived disability, in violation of the ADA.

33. Defendant's adverse actions toward Mobley constitute discrimination on the basis of his age, in violation of the ADEA.

34. Defendant's failure to inform Mobley of his rights under the FMLA constitutes interference with Mobley's FMLA rights.

35. Defendant's adverse actions towards Mobley constitute retaliation for Mobley's workplace accident, report of a workplace accident, his stated intent to file a Worker's Compensation Claim and/or his filing of a Worker's Compensation Claim, in violation of the public policy recognized by the Indiana Supreme Court in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

36. Any reasons proffered by Defendant for its adverse actions against Mobley are pretext for its discriminatory, retaliatory and unlawful actions. By way of example, and not limitation, Defendant's stated reason that Mobley was terminated because his position was being eliminated is untrue.

37. Mobley has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## V. CLAIMS

### COUNT I – FAILURE TO ACCOMMODATE – ADA

38. Mobley hereby incorporates paragraphs 1-37 of his Complaint.

39. Mobley requested a reasonable accommodation.

40. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process with Mobley.

41. Defendant's unlawful actions were intentional, willful and done in reckless disregard of Mobley's rights as protected by the ADA.

### COUNT II – DISCRIMINATION – ADA

42. Mobley hereby incorporates paragraphs 1-41 of his Complaint.

43. Defendant took adverse employment actions against Mobley based on his disability, his record of a disability, and/or its perception of him being disabled.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mobley's rights as protected by the ADA.

## COUNT III – RETALIATION – ADA

45. Mobley hereby incorporates paragraphs 1-44 of his Complaint.

46. Mobley requested a reasonable accommodation for his disability, returned to work with restrictions, and informed Defendant of his intent to file a Worker's Compensation Claim.

47. Mobley's actions constituted statutorily-protected conduct.

48. Defendant took adverse employment actions against Mobley in retaliation for his engagement in statutorily-protected conduct.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mobley's rights as protected by the ADA.

## COUNT IV – AGE DISCRIMINATION – ADEA

50. Mobley hereby incorporates paragraphs 1-49 of his Complaint.

51. Defendant has discriminated against Mobley because of his age. Similarly-situated, substantially younger individuals were allowed better terms, conditions and privileges in employment.

52. Defendant terminated Mobley because of his age.

53. Mobley's duties following his termination were assumed by substantially younger employees.

54. Defendant's actions were willful, intentional, and done with reckless disregard of Mobley's rights in violation of the ADEA.

## COUNT V – VIOLATION OF INDIANA COMMON LAW – FRAMPTON CLAIM

55. Mobley hereby incorporates paragraphs 1-54 of his Complaint.

56. Defendant terminated Mobley in retaliation for his workplace accident, report of workplace accident, and/or Worker's Compensation claim in violation of the Indiana public policy recognized in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

57. Mobley has been harmed by Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Terry Mobley, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Mobley to the same position, salary, and seniority, or pay front pay and benefits to Mobley in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Mobley;

3. Defendant pay compensatory and punitive damages to Mobley;

4. For its violations of the ADEA, Defendant pay liquidated damages to Mobley;

5. Defendant pay pre- and post-judgment interest to Mobley;

6. Defendant pay Mobley's attorneys' fees and costs incurred in litigating this action; and Defendant pay to Mobley any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Eric J. Hartz*
Eric J. Hartz, Attorney No. 29676-49

Attorneys for Plaintiff
Terry Mobley

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	ehartz@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Terry Mobley, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49